UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STELLANTIS FINANCIAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL WINDING, <br><br> Defendant. | Case No.  25-cv-02907-PCP <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES** <br><br> Re: Dkt. No. 27 |

Plaintiff Stellantis Financial Services, Inc. filed this action against defendant Michael Winding to recover amounts owed to Stellantis by third party WindingMakia Automotive Group II, LLC and guaranteed by Winding. On January 12, 2026, the Court granted Stellantis's motion for default judgment. The Court awarded Stellantis $481,865.64 in damages, including $468,621.99 in breach-of-contract damages and $13,243.65 in prejudgment interest. On February 2, 2026, Stellantis filed a motion for attorney's fees.[1] For the following reasons, Stellantis's motion is granted in part and denied in part

**LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(2) authorizes a district court, on motion, to award attorneys' fees and related nontaxable expenses following the entry of a final judgment. Under California law, each party generally bears its own attorney's fees "unless there is express statutory authorization to the contrary." *Kirby v. Immoos Fire Protection, Inc.*, 53 Cal. 4th 1244, 1248 (2012). But California Civil Code § 1717(a) provides for attorney's fees "[i]n any action on a

---

[1] Stellantis styles its motion as one "for attorneys' fees *and* costs." Yet the motion makes no separate request for costs (e.g., litigation expenses beyond compensation for the work of attorneys). The Court therefore construes the motion as seeking only attorneys' fees.

United States District Court <br> Northern District of California

contract, where the contract specifically provides that attorney's fees and costs[] which are incurred to enforce that contract[] shall be awarded."

"Reasonable attorneys' fees are generally based on the traditional 'lodestar' calculation." *Alameda Elec. Distributors, Inc. v. Eco Eng'g Inc.*, 808 F. Supp. 3d 1014, 1033 (N.D. Cal. 2025). This method multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citation omitted). "[C]ounsel bears the burden of submitting detailed time records justifying the hours claimed ... [which] may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *as amended by* 808 F.2d 1373 (9th Cir. 1987).

## DISCUSSION

Because this is an "action on a contract," and the agreement underlying Stellantis's claims specifically provides for recovery of attorneys' fees incurred in Stellantis's exercise of its rights under the contract, Stellantis is entitled to reasonable attorneys' fees as the prevailing party. *See* Cal. Civ. Code § 1717(a); Fed. R. Civ. P. 54(d)(2).

Stellantis requests $44,688.74 in attorneys' fees, broken down as follows:

- 51.77 hours of work by four partners at the law firm Kutak Rock LLP—Antoinette Hewitt, Brian Wagner, Emily McProud, and Justin Nichols— at an hourly rate of $470, totaling $24,331.90;

- 41.1 hours of work by of counsel William Henderson at an hourly rate of $470, totaling $18,094.50;

- 5.9 hours of work by associate Anastasia Weston at an hourly rate of $315, totaling $1,805.40; and

- 0.2 hours of work by head of research services Lynn Koperski at an hourly rate of $192, totaling $38.40.

The Court agrees that the hourly rates requested by Stellantis are reasonable. *See Fooksman v. Abramson*, No. 3:20-CV-07109-WHO, 2021 WL 1222191, at *1 (N.D. Cal. Mar. 31,

2021) ("[C]ourts in this district have often found partners' rates between roughly $500 and $1,000 to be reasonable in [breach-of-contract] cases."); *Innovative Sports Mgmt., Inc. v. Lizcano Reyes*, 802 F. Supp. 3d 1182, 1185 (N.D. Cal. 2025) (approving an hourly rate of $325 for a research attorney).

The Court is unable to conclude, however, that the number of hours Stellantis's attorneys claim to have expended on the litigation is reasonable. "[T]he party seeking fees bears the burden to prove the reasonableness of hours expended using detailed time records documenting completed tasks and time expended." *Alameda*, 808 F.Supp.3d at 1034 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Such detailed records, clearly describing the amount of time spent on each billed task, are necessary to guard against duplicative billing or the expenditure of an unreasonably high number of hours on any one task. *See id.* at 1035. Here, Stellantis has provided no itemized or detailed records. It offers only an attorney declaration summarizing the work performed by counsel in general terms. But "district courts have a *duty* to ensure that claims for attorneys' fees are reasonable, and a district court does not discharge that duty simply by taking at face value the word of the prevailing party's lawyer for the number of hours expended on the case[.]" *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (citation modified).

Stellantis argues that it need not provide detailed time records in this diversity case because California state courts do not require such records and may instead "award fees based on declarations of counsel describing the work they have done." *Syers Props. III, Inc. v. Rankin*, 226 Cal. App. 4th 691, 698 (2014). This argument fails for two reasons.

First, California courts are not as lenient as Stellantis suggests. The California Supreme Court has instructed, for example, "that trial courts must carefully review attorney documentation of hours expended" to prevent "'padding' in the form of inefficient or duplicative efforts," which "is not subject to compensation." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). And state appellate courts have often advised that "a fee request ordinarily should be documented in great detail." *Bernardi v. County of Monterey*, 167 Cal. App. 4th 1379, 1398 (2008) (quoting *Weber v. Langholz*, 39 Cal. App. 4th 1578, 1587 (1995)).

Second, it is far from clear that California law governs the sufficiency of a party's evidence

concerning the hours expended by counsel on the litigation. To be sure, the availability and amount of attorneys' fees awarded in a diversity case are governed by state law. *See Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1388–89 (9th Cir. 1986). Here, for example, California Civil Code § 1717(a) provides the basis for a fee award and supplies the amount (a "reasonable" amount). But whether a party has provided sufficient records to *prove* the claimed amount of attorneys' fees appears to be a procedural question governed by federal law. *Cf. Motus v. Pfizer Inc. (Roerig Div.)*, 358 F.3d 659, 660 (9th Cir. 2004) (explaining that, in a diversity action asserting claims under California law, "federal law alone governs whether evidence is sufficient to raise a question for the trier-of-fact" at the summary-judgment stage (quoting *Bank of California v. Opie*, 663 F.2d 977, 979 (9th Cir. 1981)); *Maquiz v. Hedgpeth*, 907 F.3d 1212, 1222 n.4 (9th Cir. 2018) ("We do not rely on any California decisions when evaluating the sufficiency of the evidence" at trial.). For that reason, other courts in this district have applied the usual federal requirement for detailed billing records in diversity cases involving state-law contract claims. *See, e.g.*, *Alameda*, 808 F.Supp.3d at 1034.

Because Stellantis has not provided detailed or itemized timekeeping records, the Court finds that it is reasonable to reduce the requested fee award by twenty-five percent. *See Innovative Sports Mgmt.*, 802 F. Supp. 3d at 1185 (applying twenty-five percent reduction due to failure to provide contemporaneous billing records); *see also Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983). Applying the twenty-five percent reduction brings the total billable amount from $44,688.74 to $33,516.56.

## CONCLUSION

Stellantis's motion is granted in part and denied in part. The Court awards Stellantis $33,516.56 in attorneys' fees.

**IT IS SO ORDERED.**

Dated: May 4, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California